■ CI Enterprises, Inc., Appellant, v Carl E. Rumbalski et al., Respondents. [999 NYS2d 897]—

In an action to recover funds paid in connection with the proposed sale of certain real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated December 13, 2013, which granted the defendants' motion for summary judgment dismissing the complaint, and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

In this action, the plaintiff corporation sought to recover funds that were paid in connection with a proposed purchase of certain real property from the defendants. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the complaint. On their motion, the defendants submitted evidence regarding the negotiation of the sale of the subject real property by the defendants to Ioannis Pipergias, a principal of the plaintiff corporation, including a transcript of Pipergias's deposition testimony and the written contract of sale signed by Pipergias, as purchaser, in his personal and individual capacity. Based on this evidence, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff corporation lacked standing to maintain this action to recover the funds paid by Pipergias to the defendants in the course of the contemplated real property transaction, regardless of the theory of recovery (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773 [1991]; *Midland Mtge. Co. v Imtiaz*, 110 AD3d 773, 774 [2013]; *Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]). In opposition, the plaintiff corporation failed to raise a triable issue of fact. On its cross motion, the plaintiff corporation both relied on the submissions already before the court, and submitted a transcript of the deposition testimony of the defendant Carl E. Rumbalski, which similarly described the negotiation of the contract referable to the sale of the subject real property from the defendants to Pipergias, individually. Thus, the plaintiff corporation failed to establish its own prima facie entitlement to judgment as a matter of law. Accordingly, the court properly granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the complaint.

In view of the foregoing, we do not reach the defendants'

remaining contentions. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.